No. 3125.—Citizens' Bank *v.* L. Grand & Co. et als.

The Citizens' Bank became the owner of a plantation by purchase at Marshal's sale. The deed of the Marshal conveyed so much land, together with all the buildings and improvements, stock, cattle, carts, mules, etc.

Twelve mules were afterwards seized on the plantation by the sheriff, under a *fieri facias,* at the suit of L. Grand & Co. *v.* J. C. Patrick, as the property of the judgment debtor. J. C. Patrick was, at the time of the Marshal's sale and afterwards, the manager on the place. The bank enjoined the seizure on the ground that the mules seized were attached to the plantation at the time of the sale, and passed to it with the place by purchase.

Held—That, under this state of facts, the burden of showing that the mules, seized as the property of Patrick, were attached to the plantation and passed with the sale thereof as a part of the realty. devolved upon the bank, failing in which the injunction must be dissolved.

APPEAL from the Seventh District Court, parish of Pointe Coupée. *Miller,* J. *Farrar & Montgomery,* for plaintiff and appellant. *Thomas H. Hewes,* for defendants and appellees.

Howe, J.   The defendants seized certain mules as the property of their judgment debtor, J. C. Patrick, and the plaintiff enjoined on the ground that the mules were its property, having been attached as immovables by destination to the Normandy plantation, and as such purchased with the plantation at Marshal's sale by the plaintiff.

There was judgment in favor of defendants, and plaintiff has appealed.

The plaintiff has not established its case.   We gather from the evidence, as a whole, that the mules were never attached to the plantation by the owner for its culture, but were purchased and put on the place by J. C. Patrick, a lessee of the place; that they were not, therefore, covered by the mortgage under which the Citizens' Bank purchased; that they were not seized as immovables by the Marshal, and were not by him sold to the bank as a part of the plantation.

The plaintiff asks our attention to a bill of exceptions reserved by it to the refusal of the judge below to permit its counsel to question J. C. Patrick on his direct examination as to the share he had inherited from his father's succession.   The plaintiff's object, as stated, was to show that Patrick had no means to purchase the mules.   The defendants objected that the plaintiff could not impeach its own witness, and if the testimony was not impeaching, it was irrelevant. We do not think the point of any practical importance at this time. If the question had been allowed, and Patrick had testified that he received nothing from his father's succession, our views of the case would not be changed.   He had credit, if he had no property; for we find him owing the defendants, L. Grand & Co., upwards of $5000, which their counsel, without contradiction, asserts they advanced to him in aid of his planting operations

The other points made by appellant do not seem to have weight.

Judgment affirmed.